STATE, LEVI HETFIELD, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF PLAINFIELD.

1. The assessing and collecting of the state and county taxes in the city of Plainfield, for the years 1880 and 1881, was, by mistake, undertaken under the general tax act instead of the city charter, which latter act provides for an assessment, for the meeting of the commissioners of appeal, and for the return of delinquents, at a different time from that mentioned in the general act. *Held,* that inasmuch as it appears that the property of the prosecutor was assessed for no more than it would have been if made under the city charter, and that he had notice of the meeting of the commissioners of appeal, the irregularities are cured by the act of 1881. *Pamph. L., p.* 194.

2. The tax warrants were issued by the city judge and returned to the judge by the collector, by virtue of a resolution of the city council, and this is supported by the terms of the act of 1882. *Pamph. L., p.* 126.

3. No vested right to immunity from a liability to pay a tax arises from a failure of a collecting officer to pursue the legal method for collecting it within the periods provided by the tax statute, but the legisla-

ture may extend the time within which the old remedy could be enforced or provide a new method for collecting the tax.

4. An insufficient description of property in listing it for assessment may be amended by this court under the act of 1881. *Pamph. L., p.* 194.

This writ of *certiorari* brings up assessments of taxes for state, county and city purposes, made by the authorities of the city of Plainfield for the years 1880 and 1881.

Argued at November Term, 1883, before Justice REED.

For the plaintiff, *R. V. Lindabury* and *W. A. Hetfield.*

For the defendant, *C. A. Marsh.*

The opinion of the court was delivered by

REED, J.   The attack in the reasons filed in this case is confined to the state and county taxes assessed in the city of Plainfield for the years 1880 and 1881.   The ground of objection to the validity of these assessments has arisen from the fact that the course of procedure in levying and collecting these taxes has been in pursuance of the general law, while, by force of the decision in the case of *Sheridan*, v. *Van Winkle*, 14 *Vroom* 579, they were to have been collected at the time fixed by the amendment to the city charter, (*Pamph. L.* 1873, *p.* 482, § 4,) which differed from the time fixed by the general tax statutes.

By the general act the assessment is made between the 20th day of May and the 20th day of August, while by the act of 1873 it is to be made between the 1st day of May and the 1st day of July in each year.   By the general act the commissioners of appeal meet on the third Tuesday of November, while by the act of 1873 they are to meet on the fourth Tuesday of July, and are to give ten days' notice of their meeting. By the general act delinquents are returned by the collector to a justice of the peace on December 20th, while by the

charter of Plainfield they are returned to the city judge on the first Monday in September.

It appears by the state of the case agreed upon that the assessment was made after the 20th day of May and before July 1st, and that the valuation of the property was the same as when made for city taxes, which last assessment was admittedly made in conformity with the requirements of the city charter. It also appears that the commissioners of appeal met on the third Tuesday of November, and notice of such meeting was given on October 1st.

These are the material facts so far as they affect the assessment itself. There is no contention that the property was assessed too high, but it is contended that the assessment was made at a time other than that provided for by the charter, and that the person assessed was deprived of his right to appear before the board of commissioners of appeal for the purpose of obtaining a review of the levy had he so desired. Now, so far as appears, the amount of his levy is identical with what it would have been if made at the time of the assessment for city taxes, for it was based upon the same valuation of his property. As to his deprivation of the right of a hearing before the commissioners, his only ground of contention is that the board met on a day differing from the day fixed by the charter, but of which meeting he had notice.

It is not necessary to consider what the posture of affairs would be, unaided by curative legislation. So far as concerns the latter objection, the ruling in the case of *Nixon* v. *Ruple*, 1 *Vroom* 58, would seem to render it unsubstantial. The act of 1881, (*Pamph. L.*, *p.* 194,) however, is designed to cover all cases of irregularity where it is apparent that the assessment is in fact made upon property which is legally subjected to taxation. The court is directed to amend all errors and defects, and if the assessment is too high, to ascertain for what sum the property was legally assessable. There is, as I have remarked, no contention that the assessment is too large, and the irregularities are such as did not deprive the listed person of any fundamental right. He had the right to appear before

the board of commissioners, because he had notice of their meeting. He also had the right to have his assessment reviewed by this court. Against the grounds of objection already mentioned, I think the tax must stand.

In the second place, there are brought up certain tax warrants, issued by the city judge of the city of Plainfield. It is objected against the legality of these warrants, first, that the delinquent taxes were not returned to the city judge in office at the time they became delinquent; second, that they were not returned by the collector of taxes of said city in office at the time they became delinquent.

It appears that the warrants brought up were issued by the city judge in pursuance of a resolution of the common council of Plainfield, and the return to the said judge by the collector was made by virtue of a resolution of the common council, adopted April 3d, 1882. This course of official conduct seems to be directly within the powers contained in the fourth section of the act of 1882. *Pamph. L., p.* 126. This section provides substantially that when no legal return of the names of delinquents has been made of taxes due, the common council may, by resolution, direct the collector for the time being to make a return to the person to whom, by the charter, return should be made. Upon receipt of such return, that officer is directed, by resolution of the common council, to issue his warrant to such officer as shall be designated. These warrants seem to have been issued in strict conformity with this section. The insistence that this legislation is unconstitutional is absolutely without substance. It is not even curative legislation, which has been repeatedly recognized as valid in this court. It does not purport to validate the previous returns or warrants, but it provides a new procedure for the collection of the dues of the state. In cannot be contended that this familiar exercise of legislative action is invalid. *Cooley Const. Lim.* *362.

Nor is there any statute of limitations applying to the collection of taxes. No vested right to immunity from liability for the payment of tax arises from a failure of the collecting,

Hetfield v. Plainfield.

officers to pursue the law within the periods provided by the tax statutes.

In regard to the reason which urges that the assessor did not list the property with sufficient accuracy to identify the same, I see no difficulty in regard to the description of the Park avenue and Madison avenue properties.

In regard to the Third and Union street properties, they appear, from a diagram in the state of the case, to lie upon both sides of Union and Third streets, and to be divided into separate lots. The defective description, however, is amendable under the provisions of the act of 1881, already mentioned, and a proper description, as it appears by the case, will be directed to be inserted into the duplicate upon application of defendant's attorney, upon notice to the prosecutor or by agreement.

The reasons which assume that the assessor took no affidavits, and that none were attached to the duplicate, and that no affidavit was made by the collector that demand for taxes had been made, do not appear to be true in fact. The assessor did take an affidavit, which was sufficient, and an affidavit was attached to the duplicate of the year 1880, and there was a substantial compliance with the requirements of the act with respect to the taxes of 1881. There was also an affidavit of demand made upon the return of delinquents to the city judge, under the act of 1882.

As to the reason that a trifle more than the amount fixed by limitation in the charter was raised, such portion as represented the excess could be remitted. To do so would require a reference to a Supreme Court commissioner, and the amount which such excess is the means of imposing upon the prosecutor is so trifling that it is a proper instance for applying the maxim *de minimis*.

So far as I have looked for authority to impose the school poll tax, it does not appear in the case, and this part of the assessment must be vacated. In all else the assessments and issuance of warrants are affirmed.